1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9

SHARON HULIHAN, an individual,

Case No. 2:15-cv-02469-MMD-WGC

10

Plaintiff,

11

v.

ORDER

12

WELLS FARGO HOME MORTGAGE, INC., n/k/a WELLS FARGO BANK, NATIONAL ASSOCIATION, a/k/a WELLS FARGO BANKING; ARIAL STERN; CHRISTINE PARVIN, ATTORNEYS FOR WELLS FARGO,

(Def.'s Motion to Dismiss – ECF No. 14; Pl's Motion for Summary Judgment – ECF No. 16.)

13
14
15

Defendants.

16

17    **I.    SUMMARY**

18          Plaintiff Sharon Hulihan alleges Defendants Wells Fargo Bank, NA ("Wells

19    Fargo"), Arial Stern, and Christine Parvin violated federal law and committed torts in the

20    course of defending a state lawsuit filed by Hulihan. (ECF No. 2.) Before the Court are

21    Defendants' Motion to Dismiss ("Defendants' Motion") (ECF No. 14) and Hulihan's

22    Motion for Summary Judgment (ECF No. 16). The Court has reviewed the parties'

23    respective responses (ECF Nos. 18, 22, 23) and replies (ECF Nos. 25, 28). Based on

24    those documents and for the reasons discussed below, Defendants' Motion is granted

25    and Hulihan's Motion is denied as moot.

26    **II.    BACKGROUND**

27          The following facts are taken from the complaint and the exhibits to Defendants'

28    Motion. Hulihan has lived at a home in Las Vegas since 1963. (ECF No. 2 at 3.)

1  Hulihan's mother took out a reverse mortgage on the home from Wells Fargo in 2005.

2  (*Id.*) Her mother passed away in 2008. (*Id.*) After Hulihan's mother's death, Hulihan

3  attempted to purchase the home, but Wells Fargo refused to sell it to her because it

4  believed it was restricted from doing so by a U.S. Department of Housing and Urban

5  Development ("HUD") policy. (ECF No. 14-1 at 4.) In 2011, Hulihan filed a complaint

6  against Wells Faro in state court seeking a declaration that she was entitled to purchase

7  the home. Defendants Stern and Parvin represented Wells Fargo in state court. After a

8  bench trial, the state court concluded that HUD has reversed its previous policy and

9  Hulihan was eligible to purchase the home. The state court issued an order directing

10  Wells Fargo to sell Hulihan the home for $66,500. (*Id.* at 9.)

11  After the state court issued its decision, Wells Fargo offered to waive its right to

12  appeal in exchange for Hulihan's waiver of any entitlement to attorney fees. (ECF No. 2

13  at 4; ECF No. 14 at 2.)

14  On December 24, 2015, Hulihan filed a complaint in this Court alleging that

15  Defendants' actions related to her mother's home violated federal law and constituted at

16  least two state law torts. (ECF No. 2.)

17  **III.   LEGAL STANDARD**

18  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

19  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide

20  "a short and plain statement of the claim showing that the pleader is entitled to relief."

21  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

22  Rule 8 does not require detailed factual allegations, it demands more than "labels and

23  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

24  *Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

25  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

26  U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

27  factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at

28  678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

Courts must also liberally construe documents filed by *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This is especially important in civil rights cases, like this one. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). While Plaintiff is proceeding *pro se*, she nevertheless must comply with the applicable procedural rules. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

## IV.   DISCUSSION

As an initial matter, Hulihan identifies what she believes are three causes of action — violation of the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq* ("ADA"), deliberate indifference, and negligence — in the Complaint (ECF No. 2 at 5-7). The second cause of action, deliberate indifference, is not its own cause of action, but rather a standard she must show in order to win damages under her first cause of action.

1   Houlihan cites *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 11386 (9th Cir. 2001), indicating

2   that she understands this distinction. (ECF No. 2 at 6.) She also cites "section1985(2)",

3   which the Court understands to be a reference to 42 U.S.C. § 1985(2). Lastly, Hulihan

4   refers to Defendants "inflict[ing] emotion stress," which this Court understands, under the

5   liberal *pro se* pleadings standards, to assert a claim for the tort intentional infliction of

6   emotional distress (IIED). (*Id.* at 4.)

7       The Court therefore reads the Complaint to assert four claims: first, a violation of

8   Title II of the ADA; second, negligence; third, conspiracy to interfere with civil rights in

9   violation of 42 U.S.C. § 1985(2); and fourth, IIED. Defendants argue that each of these

10  claims must be dismissed.

11      **A.    Title II of the ADA**

12      Hulihan alleges that Defendants violated §§ 12131 and 12132 of the ADA. (ECF

13  No. 2 at 5, 7.) § 12131 is a definition section that does not impose liability. § 12132

14  provides that no person shall be discriminated against by a public entity or excluded from

15  participation in or denied the benefits of services, program, or activities. To state a claim

16  under § 12132, a plaintiff must allege: (1) she is a "qualified individual with a disability";

17  (2) she was either excluded from participation in or denied the benefits of a public

18  entity's services, programs or activities, or was otherwise discriminated against by the

19  public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason

20  of her disability. *Weinreich v. Los Angeles Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978

21  (9th Cir. 1997).

22      Defendants, two attorneys in private practice and a bank, are not public entities

23  under the ADA. *See* 42 U.S.C. § 12131(1) (defining public entities). Even if they were,

24  the Complaint does not contain a short and plain statement of how Hulihan believes they

25  prevented her from participating in a service, program, or activity, or otherwise

26  discriminated against her based on her disability. Rather, it contains allegations that

27  Defendants' actions caused her health to deteriorate due to stress stemming from

28  litigation. This does not satisfy the elements of an ADA claim based on § 12132.

Because Defendants are not public entities, Hulihan cannot amend this claim to cure the deficiencies. Therefore, the Court will grant Defendant's Motion on Hulihan's ADA claim with prejudice.

### B.   42 USC § 1985

To state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004). Hulihan's Complaint contains no such claims and cannot contain any such claims because Defendants are not state actors or acting under the color of state law, as required by 42 U.S.C. § 1983. Therefore, Defendants' Motion is granted with respect to Hulihan's § 1985 claim and the claim is dismissed with prejudice.

### C.   Remaining Claims

The Court has determined that Hulihan's claims based on federal law will be dismissed with prejudice. The Court need not address her remaining state law based tort claims, because it declines to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c).

## V.   CONCLUSION

Accordingly, it is hereby ordered that Defendant's Motion to Dismiss (ECF No. 14) is granted. Hulihan's claims under the ADA and 42 U.S.C. 1985 are dismissed with prejudice. Her remaining state law claims are dismissed without prejudice.

It is further ordered that Plaintiff's Motion for Summary Judgment (ECF No. 16) is denied as moot.

The Clerk is instructed to enter judgment in accordance with this Order and close this case.

DATED THIS 27th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE